**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Graham S. Henry, | No. CV 02-656-PHX-SRB |
| Plaintiff, | DEATH PENALTY CASE |
| vs. | |
| Dora Schriro, | **ORDER RE: PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION** |
| Defendant. | |

Before the Court is Petitioner's motion for a 120-day extension to file an amended petition in this capital habeas matter. (Dkt. 131.)[1] The motion states that Respondents have agreed to a 90-day extension, but oppose a longer one.[2] For the reasons set forth herein, the Court finds good cause for the requested extension and concludes that equitable tolling of the statute of limitations is warranted.

## BACKGROUND

Following the conclusion of state post-conviction proceedings on March 19, 2002, Petitioner initiated these habeas proceedings by filing a skeletal petition on April 10, 2002, summarily raising five claims for relief. (Dkt. 1.) The Court appointed counsel and provided leave to amend. (Dkts. 3, 11, 15, 26.) In March 2003, prior to completion of the amended

---

[1] "Dkt." refers to documents filed in this action.

[2] Kent Cattani, counsel for Respondents, confirmed Respondents' position in a phone call with Court staff on February 7, 2006.

1  petition and on the eve of expiration of the statute of limitations set forth in 28 U.S.C. §
2  2244(d), the parties stipulated to an extension of time to file an amended petition and
3  Respondents expressly agreed not to raise an affirmative defense to the amended petition
4  filed within the extended deadline. (Dkt. 29.) The Court granted the stipulation as well as
5  three subsequent stipulations filed in conjunction with further requested extensions. (Dkts.
6  31, 46, 47, 48, 49, 56, 57.) On the eve of the deadline to file the amended petition, as
7  extended, counsel sought and was granted an evidentiary hearing concerning Petitioner's
8  competence to assist them in these proceedings. See Rohan v. Woodford, 334 F.3d 803 (9th
9  Cir. 2003), cert. denied, 540 U.S. 1069 (2004). In conjunction with habeas counsel's request
10  for an evidentiary hearing, Respondents stipulated to a waiver of the statute of limitations and
11  subsequently agreed to extend the stipulation to allow for the filing of an amended petition
12  "not later than fourteen days from the date" Petitioner received notice of any ruling by the
13  Court finding him competent. (Dkts. 29, 46, 48, 56, 60.) While the competency issue was
14  under advisement and for unrelated reasons, counsel was granted leave to withdraw and the
15  Federal Public Defender was substituted to represent Petitioner. (Dkt. 127.) The Court
16  thereafter issued a decision finding Petitioner competent to assist counsel in these
17  proceedings and, pursuant to the stipulation of the parties, directed Petitioner to file an
18  amended petition within fourteen days from the filing date of that Order, or February 7, 2006.
19  (See dkts. 61, 130.) The instant motion followed.

## DISCUSSION

21  In Mayle v. Felix, 125 S. Ct. 2562 (2005), the Supreme Court held that new claims,
22  presented in an amended habeas petition filed after the limitations period under 28 U.S.C.
23  § 2244(d) has run, do not relate back to a previously-filed petition to the extent they assert
24  grounds for relief supported by facts that differ in time and type from those contained in the
25  earlier petition. Petitioner seeks an extension of time to file an amended petition which, if
26  granted, will result in the filing of an amended petition beyond the AEDPA's statute of
27  limitation and Respondents' stipulated waiver of the limitation period.
28

1    In Pace v. DiGuglielmo, 125 S. Ct. 1807, 1815 n.8 (2005), the Supreme Court
2 assumed without deciding that the AEDPA's statute of limitation could be equitably tolled.
3 Citing the standard for equitable tolling set forth in Irwin v. Dep't of Veterans Affairs, 498
4 U.S. 89, 96 (1990), the Court observed that a litigant generally "bears the burden of
5 establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that
6 some extraordinary circumstance stood in his way."  Pace, 125 S.Ct. at 1814.  Federal
7 appellate courts have held that the AEDPA statute of limitation may be equitably tolled,
8 applying the same criteria.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d
9 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States
10 Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc); Howell v. Crosby, 415 F.3d
11 1250 (11th Cir. 2005); Brambles v. Duncan, 412 F.3d 1066 (9th Cir. 2005); Taliani v.
12 Chrans, 189 F.3d 597, 597-98 (7th Cir. 1999); Davis v. Johnson, 158 F.3d 806, 810-11 (5th
13 Cir. 1998); Miller v. New Jersey State Dep't Corr., 145 F.3d 616, 617-19 (3d Cir. 1998);
14 Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Thus, the Ninth Circuit has held that the
15 limitation period may be equitably tolled when "'extraordinary circumstances' beyond a
16 prisoner's control make it impossible to file a petition on time."  Beeler, 128 F.3d at 1288.

18   In Beeler, the petitioner's original counsel withdrew before the first habeas petition
19 had been prepared.  The district court found that although counsel had proceeded diligently
20 in preparing the petition, much of his work product was unusable by replacement counsel.
21 The Ninth Circuit agreed and concluded that these were "extraordinary circumstances" that
22 justified equitable tolling.  Id. at 1288-89.  Further, the Ninth Circuit approved addressing
23 equitable tolling without requiring a petitioner to first miss the filing deadline and then raise
24 equitable tolling as a defense to a claim of untimeliness.  Calderon v. United States Dist.
25 Court (Beeler), 112 F.3d 386, 391, as amended and superseded by 128 F.3d 1283.  In Kelly,
26 the Ninth Circuit affirmed the district court's application of equitable tolling based on the
27 court's previous stay of litigation pending competency proceedings and the petitioner's

1 alleged incompetency, as well as for a reasonable period after the district court issued its
2 competency determination. 163 F.3d at 541.

3      In this case, Petitioner's former habeas counsel challenged Petitioner's competence,
4 despite Petitioner's objections. Respondents conceded that Petitioner's state record and
5 habeas counsel's avowals raised a legitimate concern regarding Petitioner's competence to
6 assist in these proceedings and thereafter agreed to a limited waiver of the statute of
7 limitations. Subsequently, for reasons wholly unrelated to this case, habeas counsel sought
8 and were granted leave to withdraw and the FPD was substituted. As the FPD asserts,
9 drafting an amended petition will entail review of voluminous records and consultation with
10 Petitioner, notwithstanding prior counsel's work in the case to date. For these reasons, the
11 Court finds that a 120-day extension is reasonable under the circumstances and will grant
12 Petitioner's request. Further, the Court concludes that the statute of limitations is subject to
13 equitable tolling as to any "new" claims presented in an amended petition filed within this
14 120-day period.

15      Accordingly,

16      **IT IS ORDERED** that Petitioner's motion for extension of time to file his amended
17 petition is **GRANTED**. (Dkt. 131.) Petitioner shall file his amended petition no later than
18 **June 7, 2006**.

20      DATED this 8th day of February, 2006.

                                                                      _____
                                                                      Susan R. Bolton
                                                                       United States District Judge