**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Graham S. Henry,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-02-656-PHX-SRB<br><br><u>DEATH PENALTY CASE</u><br><br><br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend the Judgment. (Dkt. 202.) On March 17, 2009, the Court denied Petitioner's amended habeas corpus petition, granted a certificate of appealability ("COA") with respect to Claims 1 and 13, and entered judgment. (Dkts. 200, 201.) In the present motion, Petitioner asks the Court to alter or amend the judgment and expand the COA.

## DISCUSSION

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**Request to Alter or Amend Claim 4**

Claim 4 alleged a series of violations of Petitioner's right to represent himself under *Faretta v. California,* 422 U.S. 806 (1975). (Dkt. 154 at 75-88.) Here, Petitioner focuses on his contention that the trial court denied his *Faretta* rights during his motion for a new trial.[1]

In asking the Court to reconsider its denial of Claim 4, Petitioner alleges that the Court misread the record when it found that Petitioner, although represented by counsel, participated in the litigation of his new trial motion. (Dkt. 202 at 2-5.) Petitioner's argument is not well taken. The Court accurately described Petitioner's active role in the litigation of the new trial motion and found that the ruling of the Arizona Supreme denying this claim was neither contrary to nor an unreasonable application of clearly established federal law. Petitioner filed a 144-page motion for new trial, which the trial court read and considered along with the arguments of counsel. Moreover, in a phenomenon that recurred throughout the state court proceedings, at the hearing on the new trial motion Petitioner was allowed to offer his own commentary and arguments.

Petitioner's right to represent himself was not violated when the judge ruled on the new trial motion despite Petitioner's in-court invocation of *Faretta*; the Arizona Supreme Court's rejection of this claim was not objectively unreasonable; and this Court did not err in denying Claim 4.

**Request for COA: Claims 4, 7, and 12**

Claim 7 alleged ineffective assistance of trial counsel. Claim 12 alleged that Petitioner's right to counsel was violated at resentencing when the court denied his motion for substitute counsel. Petitioner asserts that a COA is required with respect to these claims along with Claim 4 to enable him "to present his arguments on appeal" with respect to Claim 1, which alleged violations under *Brady* and *Napue*.[2] (Dkt. 202 at 7.)

---

[1] Claim 4 also alleged that Petitioner's right to self-representation was denied when he was not granted access to the law library and at resentencing.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959).

- 2 -

A COA may issue when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Petitioner argues that it "naturally follows" from the Court's grant of a COA with respect to Claim 1 that reasonable jurists could debate the merits of Claims 4, 7, and 12. (Dkt. 202 at 8.) The Court disagrees. The claims present legal issues discrete from those raised in Claim 1, which contended that the State violated Petitioner's right to a fair trial by withholding exculpatory evidence and presenting false testimony. The state courts' application of *Brady* and *Napue* in resolving the issues in Claim 1 is distinct from the Sixth Amendment analysis under *Faretta*, *Strickland*, and *Morris v. Slappy*, which applies to the issues in Claims 4, 7, and 12, respectively.[3]

In sum, the Court finds, for the reasons set forth in its order denying the amended petition, that Petitioner cannot show that reasonable jurists could debate the Court's denial of Claims 4, 7, and 12. The Court also finds that granting a COA on these claims is not necessary to facilitate appellate review of Claim 1.

**Request for COA: Claim 24**

Reasonable jurists could not debate the Court's denial of Petitioner's so-called *Lackey* claim.[4] Clearly established federal law, in the form of United States Supreme Court

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984); *Morris v. Slappy*, 461 U.S. 1 (1983).

[4] *Lackey v. Texas*, 514 U.S. 1045 (1995) (mem.) (Stevens, J. & Breyer, J., discussing denial of certiorari and noting the claim has not been addressed); *see Thompson v. McNeil*, --- S. Ct. ----, 2009 WL 579151 (Mar. 9, 2009) (mem.) (Stevens, J. & Breyer, J., dissenting from denial of certiorari, Thomas, J, concurring, discussing *Lackey* issue).

- 3 -

1  precedent, does not recognize an Eighth Amendment violation based on the delay in a capital
2  case between sentencing and execution.  Therefore, Petitioner cannot be entitled to relief on
3  Claim 24.  28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 365 (2000).
4      Accordingly,
5      **IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment
6  (Dkt. 202) is **DENIED**.

8      DATED this 2nd day of April, 2009.

_____
Susan R. Bolton
United States District Judge